IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**UNITED STATES OF AMERICA**                                                                 **PLAINTIFF**

**V.**                                   **CASE NO. 5:18-CR-50083**

**MICHAEL REED**                                                                                  **DEFENDANT**

**OPINION AND ORDER**

Currently before the Court is Defendant Michael Reed's *pro se* Motion for Sentence Modification under 18 U.S.C. § 3582(c)(1)(A)(i) and the First Step Act of 2018 (Doc. 40). The Government filed a Response and submitted Mr. Reed's medical records (Docs. 43 & 43-1). Mr. Reed filed a Reply (Doc. 44). Now that the Motion is ripe, the Court **DENIES** it for the reasons explained below.

**I. BACKGROUND**

On January 9, 2019, Mr. Reed pleaded guilty to one count of possession with intent to distribute more than 50 grams of a mixture or substance containing methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(viii) (Doc. 26). The Court sentenced Mr. Reed to 100 months of imprisonment, 4 years of supervised release, a $2,400 fine, and a $100 special assessment (Doc. 38). This term of imprisonment was below Mr. Reed's Guideline range of 135 to 168 months. He is presently imprisoned at FCI Forrest City Low, which reports that, at present, there are 3 inmates and 29 staff members with active cases of COVID-19 out of a population of 1,501 total inmates. *See* Fed. Bureau of Prisons, COVID19 Coronavirus, https://www.bop.gov/coronavirus/ (last accessed Feb. 25, 2021); Fed. Bureau of Prisons, FCI Forrest City Low, https://www.bop.gov/locations/institutions/for/ (last accessed Feb. 25, 2021). Now, Mr. Reed seeks compassionate

1

release or a reduction of his sentence to home confinement. He alleges that the COVID-19 pandemic, in conjunction with his hypertension and obesity, constitute extraordinary and compelling reasons that justify his early release.

## II. LEGAL STANDARD

Mr. Reed's request for reduction of sentence and compassionate early release is made pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) and the First Step Act of 2018 (the "FSA"). In the past, 18 U.S.C. § 3582(c)(1)(A) permitted a court to reduce a defendant's term of imprisonment only upon the motion of the Director of the Bureau of Prisons. The FSA modified § 3582(c)(1)(A) such that a defendant may now directly petition the court "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *See Mohrbacher v. Ponce*, 2019 WL 161727, at *1 (C.D. Cal. Jan. 10, 2019) (discussing modifications made to § 3582(c)(1)(A) by the FSA); *see also United States v. Perez-Asencio*, 2019 WL 626175, at *2–3 (S.D. Cal. Feb. 14, 2019).

If a defendant fully exhausts the administrative remedies, the Court may, upon motion of the defendant, reduce the defendant's sentence, after considering the factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable, if the court finds that:

(i)   extraordinary and compelling reasons warrant such a reduction; or

(ii)  the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

and that such a reduction is consistent with applicable policy

2

statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A). Mr. Reed does not meet the requirements of § 3582(c)(1)(A)(ii) as he is not yet 70 years old, so his only possible avenue for compassionate release is under § 3582(c)(1)(A)(i).

The starting point in determining what constitutes "extraordinary and compelling reasons" under § 3582(c)(1)(A)(i) is United States Sentencing Guideline ("U.S.S.G.") § 3B1.13. As is relevant here, Application Note 1(A)(ii)(I) of § 1B1.13 indicates that the medical condition of the defendant may provide extraordinary and compelling reasons if the defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." Although the Sentencing Commission has not updated nor adopted a new policy statement since the FSA was enacted, other courts have held that § 1B1.13 and its application notes provide guidance as to what constitutes extraordinary and compelling reasons for the purposes of 18 U.S.C. § 3582(c)(1)(A). *See, e.g.*, *United States v. Schmitt*, 2020 WL 96904, at *3 (N.D. Iowa Jan. 8, 2020).

### III. DISCUSSION

#### A. Exhaustion of Remedies

The Court's ability to rule on Mr. Reed's Motion is dependent on whether he: (1) fully exhausted his administrative right to appeal the BOP's failure to bring a motion for early release or (2) allowed 30 days to lapse since the warden received his request for early release, whichever event is sooner. 18 U.S.C. § 3582(c)(1)(A)(i). It appears that Mr. Reed did seek compassionate release from his warden and that such permission was denied on August 20, 2020. (Doc. 43-1). Accordingly, the Government concedes that

Mr. Reed has exhausted his remedies and is eligible to seek compassionate release from the Court. Since more than 30 days have lapsed since Mr. Reed's warden denied his request for compassionate release, the Court finds that Mr. Reed has satisfied the exhaustion requirement set forth at 18 U.S.C. § 3582(c)(1)(A)(i).

### B. Section 3553(a) Factors

The Court acknowledges that Mr. Reed may be at an elevated risk of a severe COVID-19 infection in light of his medical history of obesity and hypertension. But even so, he is not a suitable candidate for early release considering the Section 3553(a) factors. Section 3582(c)(1) requires the court to consider the factors set forth in 18 U.S.C. § 3553(a) before granting a motion for compassionate release. As described in his PSR, Mr. Reed was held responsible for 474.6 grams of actual methamphetamine, he possessed a firearm during the commission of his offense, and he maintained a premise for the purpose of manufacturing or distributing a controlled substance. *See* Doc. 33, p. 8. His total offense level was a 33 and his criminal history category was a I, corresponding to a Guideline range of 135 to 168 months' imprisonment. *Id.* at p. 14. But, based upon the factors set forth at 18 U.S.C. § 3553(a), the Court concluded that a downward variance was appropriate and sentenced Mr. Reed to only 100 months of imprisonment. (Doc. 39, p. 4). Thus, Mr. Reed has already benefited from a downward variance.

Moreover, counting from the date he was originally taken into federal custody, it appears that Mr. Reed has only now served approximately 27 months of his 100-month sentence. In the Court's view, this amount of time is insufficient to reflect the seriousness of his offense conduct, to promote respect for the law, and to afford adequate deterrence to those who would seek to engage in similar criminal activities. Indeed, Mr. Reed's

offense of conviction carries a 60-month mandatory minimum, so if the Court were to release him, he would have served less time than almost anyone convicted of the same crime. This would create a significant disparity with other similarly situated defendants. In sum, after considering and weighing all of the Section 3553(a) factors, the Court continues to find that a sentence of 100 months is just and fair under the totality of the circumstances.

For these reasons, even assuming Mr. Reed has demonstrated extraordinary and compelling medical reasons justifying a reduction of his sentence, the Court finds that the Section 3553(a) factors do not justify compassionate release of Mr. Reed.[1]

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that Michael Reed's *pro se* Motion for Sentence Modification under 18 U.S.C. § 3582(c)(1)(A)(i) and the First Step Act of 2018 (Doc. 40) is **DENIED**.

**IT IS SO ORDERED** on this _____ day of March, 2021.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE

---

[1] To the extent Mr. Reed asks to serve the remainder of his sentence in home confinement, the First Step Act gives only the BOP—not the Court—the power to decide where Mr. Reed serves his sentence. *See* 18 U.S.C. §§ 3624(c)(4), 3621(b).